JAMES YEAMAN v. JOHN G. PAYNE ET AL.

WHEN WRONGFUL ACT OF ASSIGNEE DOES NOT MAKE SURETIES LIABLE.

An assignee forcibly taking a stock of goods of a third person, claiming it to be the debtor's property, does not make his sureties liable.

ERROR to the Court of Common Pleas of Lucas county.

SCRIBNER, J.

The court of common pleas sustained a demurrer to the petition of Yeaman in this case, and dismissed his petition at his costs. He prosecutes error to reverse the judgment.

The petition alleges, in substance, that in 1879, one Peter Scott made a general assignment for the benefit of his creditors to James Montgomery, who accepted the said trust, qualified, and gave bond according to law, with the defendants, other than Meinhardt, as his sureties; that the plaintiff and Meinhardt at that time had two stocks of goods in Toledo which they owned and possessed, and that Montgomery, as such assignee, claiming the same as the goods of Peter Scott, assigned to him, forcibly took possession of the same, and converted the same to his own use as such assignee. The plaintiff and Meinhardt commenced an action against said Montgomery, as such assignee, for the said wrongful taking and conversion of their said goods, and obtained a judgment against him as such assignee for $7,784.62, which judgment the said Montgomery afterwards paid in part, but that a balance of $3,500, and interest, is still due and unpaid; that Montgomery is dead, and no administrator has ever been appointed of his estate, and that he left no assets.

The petition further avers that said acts of Montgomery constituted a breach of his bond as such assignee.

A copy of the bond was attached to the petition, and is in the usual form required by the statute in such cases. Its condition is: "Now, therefore, if the said James Montgomery shall administer said trust in accordance with the provisions of an act of the general assembly of the state of Ohio, entitled 'an act regulating the mode of administering assignments for the benefit of creditors,' passed April 6, 1859, and the acts amendatory thereof and supplemental thereto; and shall faithfully perform all his duties as such assignee, according to law, then this obligation to be void, otherwise to be and remain in full force and virtue in law."

*Held*, by the circuit court, affirming the common pleas, that said alleged act did not constitute a breach of the conditions of said bond, and the said sureties thereon are not liable to the plaintiff.